**SO ORDERED.**

**SIGNED this 08 day of July, 2009.**



_____
A. Thomas Small
United States Bankruptcy Judge

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA

IN RE: SOUTHONE LOUANGXONIKONE        CASE NO.: 08-08767-8-ATS
      KIENGKHAM INTHISANE
      DEBTORS                                              CHAPTER 13

### CONSENT ORDER REGARDING DEBTORS' MOTION PURSUANT TO 11 U.S.C. §522(f)(1) (AVOIDANCE OF JUDGMENT LIEN AND CONSTRUCTIVE TRUST OF TWEEKIAT THEERAATTAWEI, ET AL AND JAMES JOHNSON, ESQ.)

      This matter comes on before the Court upon the Motion of debtor for avoidance of the judgment liens of Tweekiat Theeraattawei, et al and James Johnson, Esq. and the response filed by John Austin on behalf of Tweekiat Theeraattawei, Jira Kanchanaparamapa, Porpat Sanshompoo, Keveepong Sanshompa, Ubonwan Sanshompa and Taveevat Sanchompu [hereafter Theeraattawei et al] on January 28, 2009.  The parties have agreed to resolve the matter in the manner set forth below.

      1.  The Motion was filed by the debtors pursuant to 11 U.S.C. 522(f)(1) to avoid judgment liens and a constructive trust held by James Johnson and Theeraattawei et al in real property owned by the female debtor.

      2.  Prior to the filing of the petition herein James Johnson and Theeraattawei et al obtained judgments against the debtors and judgment liens on real property held by the female debtor.  Furthermore a constructive trust was entered against the female debtor's real property by the Wake County Superior Court in favor of Theeraattawei et al..

3. The debtor filed a voluntary Chapter 13 petition on December 8, 2008, and listed the above named creditors as creditors with a claim. The claim of Theeraattawei, et al is secured by a judgment lien and constructive trust entered at the office of the Wake County Clerk of Superior Court in Civil Action 05 CVS 9250 on October 31, 2008. The judgment is in the amount of $177,608.16. The claim of James Johnson, Esq. is secured by a judgment lien entered at the office of the Wake County Clerk of District Court on July 1, 2008 in Civil Action 08 CVD 1343. The judgment is in the amount of $5,481.51.

4. These judgments created liens on real property in which the female debtor has an interest and this real property is more specifically described as:

> Physical Address: 7616 Mine Valley Road, Raleigh, NC 27615
>
> Legal Description: BEING all of lot No. 18 according to plat entitled "Section 1, Mine Valley, Raleigh, North Carolina, Key Homes, Inc., owner and developer", dated July 1976, Prepared by Evans Engineering, Inc., engineers and recorded in Book of Maps 1976, Page 373, Volume 3, Wake County Registry.

5. The real property noted in Paragraph 4 is valued in the petition at $120,000.00 and is subject to a deed of trust to Green Tree Servicing, LLC in the approximate amount of $107,842.22.

6. The aforesaid liens constitute judgment liens under 11 U.S.C. 522(f)(1).

7. The property noted is property which the female debtor has exempted under 522(b) and N.C.G.S. 1C-1601(a)(1) in the amount of $18,500.00.

8. On March 16, 2009, Theeraattawet et filed an adversary proceeding [09-00068-8-RDD] with the bankruptcy court to seek a determination that the claim against the debtors is not dischargeable pursuant to 11 USC 523(a)(2) and 11 USC 523(a)(6). The adversary proceeding further sought to determine that the constructive trust awarded to Theeraattawet et al in state court be afforded priority treatment as to the homestead exemption.

NOW, THEREFORE, based upon the foregoing findings of fact and conclusions of law, and with the consent the debtors' attorney, the Chapter 13 Trustee and John Austin on behalf of Theeraattawet et al, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. The judgment lien of James Johnson impairs the female debtor's homestead exemption and is hereby avoided pursuant to 11 USC 522(f) contingent upon the debtors receiving a discharge in this case.

2. The judgment lien and constructive trust of Theeraattawet et al is avoided in any amount exceeding $75,000.00 on the condition that the debtors receiving a chapter 13 discharge in this case. Theeraattawet et al is entitled to an allowed secured claim of $75,000.00 in the debtors chapter 13 case to be paid at 8% interest. If the debtors plan pays out the claim in the manner described and a discharge is entered in this case than the Theerattawet lien and

constructive trust shall be deemed satisfied and cancelled and the Wake County Clerk of Court is hereby instructed to cancel and/or notate as satisfied the judgment if presented with proof of the same.

Dated: 7/6/09

/s/Travis Sasser
Travis Sasser
Attorney for debtors
NC Bar: 26707

Dated: 7/6/09


/s/John Austin
John Austin
Attorney for Tweekiat Theeraattawet et al
NC Bar: 20826

Dated: 7/6/09


/s/John F. Logan
John F. Logan
Chapter 13 Trustee

End of Document